IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMSTER HAMPTON,

    Petitioner,                                    No. 2:07-cv-00550 ALA HC

    vs.

M.C. KRAMER, Warden,                      <u>ORDER</u>

    Respondent.

_____/

        On March 21, 2007, Petitioner Armster Hampton, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On the same day, Mr. Hampton also filed a motion for stay and abeyance of his federal habeas petition. Mr. Hampton contends that a stay is necessary because he has not exhausted his state court habeas corpus petition that is currently pending in California state court. Respondent opposes this motion and contends that Mr. Hampton's federal habeas petition should not be stayed because it solely contains fully exhausted claims. This Court agrees with Respondent's contention and denies Mr. Hampton's motion.

**I**

        On February 4, 2003, Mr. Hampton was charged in San Joaquin County, California with second degree robbery, felon in possession of a firearm and petty theft. On May 1, 2003 the petty theft charge was dismissed, and the remaining charges were tried in front of a jury. The

jury found Mr. Hampton guilty of second degree robbery and felon in possession of a firearm. The trial court sentenced Mr. Hampton to twenty years and four months of imprisonment. The California Court of Appeal affirmed the conviction and sentence on June 22, 2005. The California Supreme Court denied review on August 31, 2005. On February 21, 2006, the United States Supreme Court denied Mr. Hampton's petition for a writ of certiorari.

On July 18, 2005, Mr. Hampton filed a petition for a writ of habeas corpus in San Joaquin County Superior Court. The Superior Court denied the petition on August 23, 2005. Mr. Hampton appealed this decision to the California Court of Appeal. The Court of Appeal denied Mr. Hampton's appeal on March 30, 2006. Mr. Hampton then appealed to the California Supreme Court. On March 21, 2007, the California Supreme Court denied Mr. Hampton's appeal.

On February 21, 2007, Mr. Hampton filed a second petition for a writ of habeas corpus in San Joaquin County Superior Court. On March 21, 2007, Mr. Hampton filed a petition for a writ of habeas corpus in this Court. On the same day, Mr. Hampton also filed a motion asking this Court to stay and hold his federal habeas petition in abeyance to permit him to exhaust his state remedies. Respondent opposes this motion.

**II**

Mr. Hampton contends that "petitioner should be allowed to stay the federal proceedings and hold his federal habeas petition in abeyance while his state habeas petition is pending in the California Supreme Court." Since the filing of Mr. Hampton's motion for a stay, the California Supreme Court has rendered a decision denying his appeal. Thus, Mr. Hampton's request to stay this proceeding pending outcome from the California Supreme Court is now moot.

Mr. Hampton further contends that this Court should grant his request for a stay because his second state court habeas petition filed on February 21, 2007 is still pending in California Superior Court. Mr. Hampton alleges that his second state court habeas petition contains claims raised pursuant to the United States Supreme Court's decision in *Cunningham v. California*, 127 S.Ct. 856 (2007) which held that California's determinate sentencing law, which authorized the judge, not the jury, to find facts exposing a defendant to elevated upper term sentences violated

2

the defendant's right to trial by jury.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

District Courts have discretion to stay a "mixed" federal habeas petition to allow the petitioner to present unexhausted claims to the appropriate state courts where there is good case for the petitioner's failure to exhaust all claims in state court before filing the federal habeas petition. *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). The Supreme Court has instructed that "stay and abeyance should be available only in limited circumstances[,] [b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." *Id.* at 277. Thus, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* "If a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278

In this case, Mr. Hampton has not presented the Court with a mixed petition. Mr. Hampton requests a stay in this case so that he could exhaust his second state court habeas petition which challenges his sentence. However, his federal habeas petition does not contain any claim that challenges the sentence he received in San Joaquin County Superior Court. Mr. Hampton's federal habeas petition contains six claims. Each of the six claims have been exhausted and none of those claims relate to his sentence. Additionally, Mr. Hampton has not expressed an intention to amend his federal habeas petition to add a sentencing claim pursuant to *Cunningham v. California.* Thus, Mr. Hampton's federal habeas petition, containing six fully exhausted claims, is not dependent upon the outcome of his second state court habeas petition.

Accordingly, this Court will deny Mr. Hampton's motion for stay and abeyance.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Mr. Hampton's motion for stay and abeyance of this proceeding is denied; and

2. Respondent shall file a response to Mr. Hampton's petition within twenty-eight days of this Order.

DATED: September 5, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation