IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMSTER HAMPTON,

    Petitioner,                                  No. 2:07-cv-00550 ALA HC

    vs.

M.C. KRAMER, Warden,                     <u>ORDER</u>

    Respondent.

_____/

        On June 30, 2008, Petitioner filed a motion for leave to expand the record and a request for judicial notice (Doc. 37). Respondent filed an opposition to petitioner's motion for leave to expand the record on August 1, 2008 (Doc. 39).

        Petitioner moved to expand the record to include the exhibits discussed above pursuant to Rule 7 of the Rules Governing Section 2254 Cases. "Rule 7 of the Rules Governing § 2254 cases allows the district court to expand the record without holding an evidentiary hearing." *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir.2005). "[T]he conditions of [28 U.S.C.] § 2254(e)(2) [governing the availability of an evidentiary hearing] generally apply to Petitioners seeking relief based on new evidence, even when they do not seek an evidentiary hearing." *Id.* Pursuant to section 2254(e)(2), "a claimant who 'failed to develop the factual basis of a claim in State court proceedings' will not be permitted to supplement the record in

federal court unless the claim relies on (1) 'a new rule of constitutional law,' made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 'a factual predicate that could not have been previously discovered through the exercise of due diligence'; and (2) 'the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.'" *Brown v. Farwell*, 525 F.3d 787 (9th Cir.2008).

However, "[a]n exception to this general rule exists if a Petitioner exercised diligence in his efforts to develop the factual basis of his claims in state court proceedings." *Cooper-Smith*, 397 F.3d at 1241; *Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("[C]omity is not served by saying a prisoner 'has failed to develop the factual basis of a claim' where he was unable to develop his claim in state court despite diligent effort. In that circumstance, an evidentiary hearing is not barred by § 2254(e) (2).").

Here, Petitioner seeks to submit the California State Bar discipline history of attorney Robert Michael Williams (Exhibit A), as it relates to Ground Two of his petition for ineffective assistance of counsel. Pursuant to AEDPA, Petitioner is not entitled to expand the record to include this document. First, Petitioner does not present any new rule of constitutional law in his motion. Second, Petitioner does not present a factual predicate that could not have been previously discovered through the exercise of due diligence. Exhibit A indicates that Petitioner requested this information about Mr. Williams's from the State Bar on May 23, 2008. Petitioner offers no explanation as to why this information could not have been discovered previously and presented to the state courts. Thus, Petitioner has not demonstrated that he exercised due diligence in ascertaining Mr. Williams's State Bar records. Therefore, Petitioner's request to expand the record to include Exhibit A is denied.

Petitioner also requests that the court take judicial notice of the following: documents regarding Petitioner's 1988 prior convictions (Exhibit B); relevant portions of Respondent's Answer to Petition for Writ of Habeas Corpus (Exhibit C); and relevant portions of

1  Respondent's Opposition to Stay (Exhibit D).  Petitioner seeks to submit Exhibits B, C, and D in
2  order to correct "[t]he erroneous description of Petitioner's 1988 prior conviction" in pleadings
3  filed by Respondent.  Petitioner contends that while he was convicted of an assault, it was not
4  against a police officer as Respondent describes.  In the opposition to the motion for leave to
5  expand the record, Respondent admits that it erroneously described Petitioner's prior conviction
6  as an assault.  Accordingly, Respondent lodged Petitioner's probation report, under seal (Lodged
7  Doc. 19).  Thus, Petitioner's request for the Court to take judicial notice of Exhibits B, C, and D
8  is denied as moot.
9        Therefore, it is hereby ORDERED that Petitioner's motion to leave to expand the record
10  and request for judicial notice (Doc. 37) is DENIED.
11  /////
12  DATED: August 7, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation