IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMSTER HAMPTON,

          Petitioner,                Case No. 2:07-cv-00550 ALA (HC)

    vs.

M.C. KRAMER, Warden,

          Respondent.         <u>ORDER</u>

_____/

     Petitioner Armster Hampton is a state prisoner proceeding *pro se* with an application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(a).  In his application, Petitioner contends that his trial attorney deprived him of due process by providing ineffective assistance of trial counsel in violation of the Sixth Amendment.  Pending before the Court is Petitioner's motion for an evidentiary hearing.

     On August 4, 2008, Petitioner filed a motion for an evidentiary hearing as to whether his trial attorney, Robert M. Williams, provided ineffective assistance of counsel when he allegedly: 1) provided inaccurate and incomplete advice during the plea bargaining stage of the proceedings which led to the rejection of an eight-year plea bargain; and/or 2) failed to challenge the validity of Petitioner's 1988 prior conviction that was used as an enhancer for his current sentence.  (Doc. 44).

1    Respondent filed an opposition to Petitioner's motion for an evidentiary hearing on

2 August 28, 2008 (Doc. 50).  Petitioner filed a timely reply to Respondent's opposition on

3 September 10, 2008 (Doc. 51).

4                                                    I

5    Federal review of Hampton's petition is circumscribed by AEDPA because it was filed

6 after April 24, 1996.  *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).  AEDPA mandates a highly

7 deferential standard for reviewing state court determinations.  Under AEDPA, a writ of habeas

8 corpus

> shall not be granted with respect to any claim that was adjudicated on the merits
> in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established federal law, as determined
> > by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination
> > of the facts in light of the evidence presented in the State court
> > proceeding.

28 U.S.C. § 2254(d).

In determining whether a petitioner is entitled to an evidentiary hearing under AEDPA,

the district court

> must determine whether a factual basis exists in the record to support the
> petitioner's claim.  If it does not, and an evidentiary hearing might be appropriate,
> the court's first task in determining whether to grant an evidentiary hearing is to
> ascertain whether the petitioner has "failed to develop the factual basis of a claim
> in State court."  If so, the court must deny a hearing unless the applicant
> establishes one of the two narrow exceptions set forth in section 2254(e)(2)(A) &
> (B).  If, on the other hand, the applicant has not "failed to develop" the facts in
> state court, the district court may proceed to consider whether a hearing is
> appropriate, or required under *Townsend v. Sain*, 372 U.S. 293 (1963).

*Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999)).

Thus, where a petitioner fails to develop adequately the factual basis for his or her claim

in state court, the district court must deny an evidentiary hearing unless he or she establishes one

2

of two narrow exceptions provided in 28 U.S.C. § 2254(e)(2).[1]  *Baja*, 187 F.3d at 1078.   "An

exception to this general rule exists if a petitioner exercised diligence in his efforts to develop

the factual basis of his claims in state court proceedings."  *Cooper-Smith v. Palmateer*, 397 F.3d

1236, 1241 (9th Cir. 2005); *see also Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("comity is

not served by saying a prisoner 'has failed to develop the factual basis of a claim' where he was

unable to develop his claim in state court despite diligent effort.  In that circumstance, an

evidentiary hearing is not barred by § 2254(e) (2)").

     In *Townsend v. Sain,* 372 U.S. 293 (1963), the Supreme Court held that

> a federal court must grant an evidentiary hearing to a habeas applicant under the
> following circumstances: If (1) the merits of the factual dispute were not resolved
> in the state hearing; (2) the state factual determination is not fairly supported by
> the record as a whole; (3) the fact-finding procedure employed by the state court
> was not adequate to afford a full and fair hearing; (4) there is a substantial
> allegation of newly discovered evidence; (5) the material facts were not
> adequately developed at the state-court hearing; or (6) for any reason it appears
> that the state trier of fact did not afford the habeas applicant a full and fair
> hearing.

*Townsend,* 372 U.S. at 313.[2]  If the petitioner "can establish any one of [the *Townsend* factors],

---

[1] 28 U.S.C. § 2254(e)(2) provides

> If the applicant failed to develop the factual basis of a claim in State court
> proceedings, the court shall not hold an evidentiary hearing on the claim unless
> the applicant shows that– (A) the claim relies on– (i) a new rule of constitutional
> law, made retroactive by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could have been previously discovered through the
> existence of due diligence; and (B) the facts underlying the claim would be
> sufficient to establish by clear and convincing evidence that but for constitutional
> error, no reasonable factfinder would have found the applicant guilty of the
> underlying offense.

[2]For a petitioner to show that he has not "failed to develop his claim," as required under
28 U.S.C. § 2254(e)(2), he will, in most cases, also have to satisfy one of the *Townsend* factors.

then the state court's decision was based on an unreasonable determination of the facts and the federal court can independently review the merits of that decision by conducting an evidentiary hearing." *Earp v. Ornoski*, 431 F.3d 1158 (9th Cir. Cal. 2005) (citing *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004). In *Taylor*, the court held that "[i]f, for example, a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an 'unreasonable determination' of the facts." *Taylor*, 366 F.3d at 1001. In such cases, "the fact-finding process itself is defective." *Id.*

In *Earp*, the court held that "where the petitioner establishes a colorable claim for relief and has never been afforded a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing." 431 F.3d at 1166 (citing *Insyxiengmay*, 403 F.3d at 670; *Stankewitz v. Woodford*, 365 F.3d 706, 708 (9th Cir. 2004); *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)). Thus, a hearing is required if: "(1) [the petitioner] has alleged facts that, if proven, would entitle him to habeas relief, and (2) he did not receive a full and fair opportunity to develop those facts[.]" *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted).

II

Petitioner seeks an evidentiary hearing that "would allow [his former] attorney Williams the opportunity to explain any tactical reasons for his decision[]" to suggest rejecting the eight-year plea offer. Mot. for Evidentiary H'rg 16:1-2. Further, he asserts that the "evidentiary

---

In such instances, however, courts have recognized that "meeting the [*Townsend*] part of the test will ordinarily be only a formality." *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 n.6 (9th Cir. 2005).

hearing is necessary because the state court did not address [the claim regarding his 1988 prior conviction that was used as an enhancer] when denying Petitioner's petition through the state courts."[3]  *Id.* at 24:9-11.

Respondent argues that Petitioner "failed to request an evidentiary hearing in the intermediate state appellate court" and is therefore "foreclosed from obtaining a federal evidentiary hearing."  Resp't' Opp'n to the Mot. for an Evidentiary H'rg at 1:22-24.  Respondent also argues that "Petitioner's allegations viewed against the record, even if true, fail to state a claim for habeas relief."  *Id.* at 1:25-26.

Respondent relies on *Williams v. Taylor*, 529 U.S. 420 (2000) in arguing that the Petitioner's "buried" request for an evidentiary hearing in the "Request to Consolidate the Appeal and Habeas Corpus Proceedings," before the California Court of Appeal for the Third Appellate District, was inadequate to demonstrate that he "exercised diligence in his efforts to develop the factual basis of his claims in pursuing his claim."[4]  *Id.* at 434.  Such a reading was rejected for being too "harsh" by the Supreme Court in *Williams*, since Congress's purpose was not to "bar evidentiary hearings for diligent prisoners with meritorious claims."  *Id.* at 434.  "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the

---

[3]Petitioner also reasserts his desire to submit the California State Bar discipline history of attorney Robert Michael Williams as it relates to Ground Two of his petition for ineffective assistance of counsel. (*Id.*, Ex. A).  This Court, however, has already denied Petitioner's request to include this material in its order denying Petitioner's motion to expand the record. (Doc. 47).

[4] Petitioner's request stated:  "WHEREFORE, PETITIONER prays that this Honorable Court will consolidate all proceedings on his direct appeal under case number C046365 and the instant habeas corpus proceeding, will order an evidentiary hearing on the factual allegations contained in the instant habeas corpus petition, and will appoint appellate counsel, Richard Jay Moller, to represent petitioner/appellant in the consolidated proceedings."  Appellant's Request to Consolidate the Appeal and Habeas Corpus Proceedings to the California Court of Appeal, Third Appellate District, February 17, 2005.

1   information available at the time, to investigate and pursue claims in state court; it does not

2   depend . . .upon whether those efforts could have been successful." *Id*. at 435.

3          After reviewing the record, the Court concludes that the Petitioner "made a reasonable

4   attempt...[to] pursue claims in state court...[by seeking] an evidentiary hearing in state court in

5   the manner prescribed by state law." Id. at 435-437.  The due process claim raised in the instant

6   application was raised alongside a request for an evidentiary hearing by Petitioner in his state

7   petitions filed in the San Joaquin County Superior Court on July 18, 2005, in the California

8   Court of Appeals, Third Appellate District, on March 30, 2006, and in the California Supreme

9   Court on September 6, 2007.

10         Since the Petitioner diligently attempted to request an evidentiary hearing to develop the

11  factual basis of his claim in the state court, he falls outside of  § 2254(e)(2).  *See Insyxiengmay v.*

12  *Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005) ("Under AEDPA, 'a failure to develop a factual

13  basis of a claim is not established unless there is a lack of diligence, or some greater fault,

14  attributable to the prisoner or the prisoner's counsel.'" quoting *Williams*, 529 U.S. at 432).

15         This Court must next determine whether the Superior Court's decision to deny petitioner

16  an evidentiary hearing on a claim of ineffective assistance of counsel was reasonable.

17

18                                              A

19         A federal court may not independently review the merits of a state court decision without

20  first applying the AEDPA standards.  Therefore, a federal court may not grant an evidentiary

21  hearing without first determining whether the state court's decision was an unreasonable

22  determination of the facts.  *See Lockyer*, 538 U.S. at 71 (rejecting a line of Ninth Circuit cases

23  requiring "federal habeas courts to review the state court decision de novo before applying the

24  AEDPA standard of review").

25

26                                              6

The San Joaquin County Superior Court, relying upon *In re Alvernaz*, 2 Cal. 4th 924 (1992), denied Petitioner's claim of ineffective assistance of counsel holding that

> [the] Petitioner has failed to establish a credible, independently corroborated prima facie showing of a reasonable probability that he would have accepted the plea offer but for his trial counsel's alleged inaccurate advice as to sentencing. For this reason, we conclude petitioner has failed to establish prejudice.  Such failure is fatal to his claim that he was deprived of the effective assistance of counsel guaranteed by the federal and California Constitutions.

(Lodgement of Exhibits and Other Docs. in Supp. of Pet. for Writ of Habeas Corpus, Ex. R).[5] The Superior Court thus concluded that Petitioner failed to established that he was prejudiced by his attorney's alleged conduct and denied  Petitioner's claim without an evidentiary hearing.

 The state court's determination is inconsistent with the holding in *Nunes v. Mueller*,  350 F.3d 1045 (9th Cir. 2003), which concluded that "it was objectively unreasonable for the state court to conclude on the record before it [without holding an evidentiary hearing] that no reasonable factfinder could believe that Nunes had been prejudiced," or that, but for his attorney

---

[5]In *In re Alvernaz*, the California Supreme Court held that

To demonstrate that a defendant has received constitutionally inadequate representation by counsel, he or she must show that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's deficient performance subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant.

*In re Alvernaz*, 2 Cal. 4th 924, 936-937 (1992) (citing *Strickland*, 466 U.S. 687-696).

giving him the wrong information about the state's plea offer, he would have accepted the plea

offer. *Id.* at 1054-55 (Petitioner "needed only to demonstrate that he had sufficient evidence for

a reasonable fact finder to conclude with 'reasonable probability' that he would have accepted

the plea offer...to the extent that the state court demanded more it applied the *Strickland* test

unreasonably"); *see also Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004) ("If, for

example, a state court makes evidentiary findings without holding a hearing and giving

petitioner an opportunity to present evidence, such findings clearly result in an 'unreasonable

determination' of the facts").

Had the state court afforded Petitioner an opportunity to present evidence in an

evidentiary hearing, and had he proved that his "counsel's constitutionally ineffective

performance affected the outcome of the plea process" at such a hearing, he would have

presented a cognizable claim for habeas relief. *Hill v. Lockhart*, 474 U.S. 52, 59 ("the

determination whether the error 'prejudiced' the defendant...will depend on the likelihood that

discovery of the evidence would have led counsel to change his recommendation as to the plea").

Petitioner submitted eleven exhibits ("B" through "L") in support of his motion for an

evidentiary hearing in the state court proceedings. The same exhibits were submitted in support

of Petitioner's motion for an evidentiary hearing in the instant matter. "Exhibit D" is

Petitioner's declaration stating, in part, that he hired trial counsel for the express purpose of

securing the "best negotiated disposition of the case that would be possible." Petitioner further

states that while he did not personally believe the "8-year offer" to be "unreasonable nor

unexceptable [sic]" he relied "solely" on trial counsel's opinion that the sentence offered in

exchange for his guilty plea was too high when rejecting the offer. Mot. for Evidentiary H'rg,

Exhibit D, 3:20-22. Respondent correctly argues that the statements made in Petitioner's self-

serving declaration are insufficient to support his motion for an evidentiary hearing. *See Nunes*,

350 F.3d at1005, fn.6. (the Petitioner must present "objective corroborative evidence" to support his claim).

Petitioner also submitted a letter and declaration from his trial counsel, Robert Williams, which states that he does not recall whether he and Petitioner discussed the possibility of a strike being added to Petitioner's case, thereby significantly increasing the potential sentence Petitioner could face if convicted at trial. *See* Exhibit G, p. 2.  In a letter to Petitioner's appellate counsel, Williams stated, "I believe that none of us involved in the offer process at that time, neither the district attorney, myself, or Mr. Hampton, then knew that he had an old conviction that amounted to a strike." Exhibit H, p. 1.  This evidence tends to corroborate Petitioner's contention that Williams advised him not to take the eight-year plea offer because it was too high in view of Williams's understanding that this was not a three strikes case.

Additional corroborative evidence supporting Petitioner's claim that he was prejudiced by his attorney's conduct is the gross disparity between the eight-year plea offer and the actual thirty-two year exposure the Petitioner faced with a guilty conviction.  Mot. for Evidentiary H'rg, Exhibits G, H; *see also Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) ("Though a mere inaccurate prediction, standing alone, would not constitute ineffective assistance, the gross mischaracterization of the likely outcome presented in this case, combined with the erroneous advice on the possible effects of going to trial, falls below the level of competence required of defense attorneys").

Petitioner has presented sufficient objective corrorative evidence to merit an evidentiary hearing under the test announced in  *Townsend* and the holdings in *Baja,* and *Nunes*.

B

Petitioner's second claim regarding his attorney's failure to challenge his 1988 prior conviction, however, fails to state a claim for habeas relief, even if true.  The Petitioner contends

that his attorney should have challenged the validity of his prior conviction because the trial

court failed to establish a number of factual determination.[6]  Petitioner incorrectly cites to *People*

*v. Sumstine*, 36 Cal. 3d  909 (1984) to support this contention.  The United States Supreme Court

effectively carved out much of *Sumstine*'s holding when it limited collateral attacks on prior

convictions to challenges grounded in failure to provide counsel.  *People v. Allen*, 21 Cal. 4th

424, 427 (1999)("Ten years after *Sumstine*, the United States Supreme Court held the federal

Constitution does not authorize a criminal defendant to move in the trial court to strike an

alleged prior state felony conviction unless he or she was denied the right to counsel in the prior

proceeding")(citing *Custis*, 511 U.S. 485 (1994)).  Thus, Williams would not have been

permitted to challenge the prior conviction.  Because Petitioner is unable to establish prejudice,

he is not entitled to habeas corpus relief on this claim.

Conclusion

This Court has concluded that Petitioner is entitled to a limited evidentiary hearing on his

claim of ineffective assistance of counsel during the plea bargaining stage of the proceedings

against him.  In preparation for the evidentiary hearing, the parties are directed to comply with

the following procedures:

On or before November 10, 2008, each party shall provide to the Court and opposing

---

[6] In his motion for an evidentiary hearing, Petitioner argues that
[t]he trial court in the '88 proceedings erred in failing to determine, on the record,
a factual basis for his admission to the firearm use allegation; the court further
erred in accepting, as a factual basis for his admission, his attorney's stipulation
there was such a factual basis, and, the court further erred in failing to find that
Petitioner's denial that he shot the victim, as reflected in the probation report
before the court, constituted a denial of an essential element of the crime charged
and, hence, a denial of guilt.
Mot. for Evidentiary H'rg at 17:23-18:4.

1  party a witness list, including addresses and telephone numbers.

2      Each party may call any witnesses designated by the other.

3  1.  No other witness will be permitted to testify unless:

4

5      a.  The party offering the witness demonstrates that the witness is for the purpose

6      of rebutting evidence which could not be reasonably anticipated prior to the

7      evidentiary hearing.

8      b.  The witness was discovered after the exchange of witnesses and the proffering

9      party makes the showing required in "2" below.

10  2.  Within the thirty-day period prior to the evidentiary hearing, the parties shall promptly

11  inform the Court and opposing parties of the existence of the unlisted witnesses so that

12  the Court may consider at the evidentiary hearing whether the witnesses shall be

13  permitted to testify.  The witnesses will not be permitted unless:

14      a.  The witnesses could not reasonably have been discovered prior to the

15      exchange of witness lists;

16      b.  The court and the opposing party were promptly notified upon discovery of the

17      witnesses;

18      c.  If time permitted, the party proffered the witnesses for deposition; or

19

20      d.  If time did not permit, a reasonable summary of the witnesses' testimony was

21      provided to the opposing party.

22      Both parties shall exchange copies of their exhibits thirty days prior to the evidentiary

23  hearing.  Any objections to exhibits may be raised at the hearing.

24      Petitioner will use numbers to mark exhibits; Respondent will use letters.

25

26                                    11

3. No other exhibits will be permitted to be introduced unless:

> a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

> b. The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2 " below.

4. Within the fifteen-day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing.  The exhibits will not be received unless the proffering party demonstrates:

> a. The exhibits could not reasonably have been discovered earlier;

> b. The court and the opposing party were promptly informed of their existence; or

> c. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to each bring an "exhibit book" containing copies of their exhibits to the evidentiary hearing.  The parties shall provide a copy of the "exhibit book" to the Court for bench use during the hearing.

The Court shall issue the appropriate writ ad testificandum orders if the presence of Petitioner or any other incarcerated witness is desired.  The parties shall inform the Court on or before October 28, 2008 whether any such writs are required.  The parties shall otherwise make their own arrangements for the attendance of non-incarcerated witnesses.

12

1    On or before October 29, 2008, the parties shall inform the Court of any problems the

2    parties believe the Court should address regarding the availability of witnesses or the need, if

3    any, for depositions.

4    Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for a limited

5    evidentiary hearing is GRANTED.  The hearing shall be scheduled for December 10, 2008, at

6    2:00 p.m.  before the undersigned, in a courtroom to be determined; the parties shall prepare for

7    hearing in accordance with the terms set forth in this order.

8    /////

9    DATED:  October 16, 2008

10                                                            /s/ Arthur L. Alarcón
                                                      UNITED STATES CIRCUIT JUDGE

11                                                    Sitting by Designation

13