bar

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMSTER HAMPTON,

    Petitioner,                     Case No. 2:07-cv-00550 ALA (HC)

    vs.

M.C. KRAMER, Warden,

    Respondent.                    <u>ORDER</u>

_____/

      Petitioner, Armster Hampton, is a state prisoner presently proceeding *pro se* and *in forma pauperis* with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 16, 2008, this Court granted Petitioner's request for a limited evidentiary hearing "on his claim of ineffective assistance of counsel during the plea bargaining stage of the proceedings against him." (Doc. 52 at 10.) The evidentiary hearing is scheduled for December 10, 2008. (*Id.* at 13.) On October 24, 2008, Petitioner filed a motion for the Court to appoint him counsel for the evidentiary hearing. (Doc. 53.) Petitioner also filed a request to stay the evidentiary hearing (and corresponding deadlines preceding the hearing) pending the appointment of counsel. (Doc. 54.) For the reasons discussed below, the Court grants Petitioner's motion to appoint him counsel (Doc. 53) and vacates the currently scheduled evidentiary hearing (Doc. 54) pending the appointment of counsel.

1

I

Subsection (c) of Section 2254 Habeas Rule 8 provides that "[i]f an evidentiary hearing is warranted, the judge *must* appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." *Harrison v. Senkowski*, 247 F.R.D. 402, 415 (E.D.N.Y. 2008) (emphasis in original). Title 18 U.S.C. § 3006A(a)(2) in turn provides that "[w]henever the . . . court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2254 . . . of title 28." 18 U.S.C. § 3006A(a)(2) (ellipsis in original).

The Ninth Circuit has held that the "appointment of counsel [for an *in forma pauperis* habeas petitioner] becomes mandatory, when an evidentiary hearing is required." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (citing, *inter alia*, Habeas Rule 8). *See also Swazo v. Wyoming Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333-34 (10th Cir. 1994) (finding that "there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required" and noting that "[a]ll of the circuits that have discussed the issue agree that the rule [Habeas Rule 8] makes the appointment of counsel mandatory when evidentiary hearings are required") (citations omitted).

II

In the instant matter, Petitioner is proceeding *pro se* and *in forma pauperis*. This Court granted Petitioner's request for a limited evidentiary hearing. (Doc. 52.) *Bashor* and its sister circuit cases provide that counsel must be appointed for Petitioner for the evidentiary hearing. *See, e.g., Bashor*, 730 F.2d at 1234; *Swazo*, 23 F.3d at 333-34; *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) ("If a district court conducts an evidentiary hearing on the petition, the interests of justice require that the court appoint counsel for the petitioner. [Citing Habeas Rule 8.] If no evidentiary hearing is necessary, the appointment of counsel is discretionary.").

### III

Accordingly, Petitioner's motion for the appointment of counsel (Doc. 53) is GRANTED. The evidentiary hearing date and its corresponding deadlines (*see* Doc. 52) are VACATED. The Court will issue an order at a later time regarding the appointment of counsel as well as the revised date of the evidentiary hearing.

/////

DATED: November 4, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation