IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMSTER HAMPTON,

    Petitioner,                    Case No. 2:07-cv-00550 ALA (HC)

    vs.

M.C. KRAMER, Warden,

    Respondent.                  ORDER

_____/

    Petitioner, Armster Hampton, is a state prisoner presently proceeding with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 16, 2008, this Court granted Petitioner's request for a limited evidentiary hearing "on his claim of ineffective assistance of counsel during the plea bargaining stage of the proceedings against him." (Doc. 52 at 10.) On November 4, 2008, the Court granted Petitioner's motion for the Court to appoint him counsel for the evidentiary hearing. (Doc. 55.) The Court also vacated the evidentiary hearing date (and corresponding deadlines) pending the appointment of counsel. (*Id.*)

    IT IS HEREBY ORDERED THAT:

    1.    Henry C. Su, SBN 211202, is appointed counsel for Petitioner.

    2.    The evidentiary hearing date is set for Tuesday, February 10, 2009 at 11:00 a.m. before the undersigned, in a courtroom to be determined.

The parties shall prepare for the hearing in accordance with the terms set forth in this order:

On or before Monday, January 12, 2009, each party shall provide to the Court and opposing party a witness list, including addresses and telephone numbers. Each party may call any witnesses designated by the other.

1. No other witness will be permitted to testify unless:

   a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

   b. The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in "2" below.

2. Within the thirty-day period prior to the evidentiary hearing, the parties shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

   a. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

   b. The Court and the opposing party were promptly notified upon discovery of the witnesses;

   c. If time permitted, the party proffered the witnesses for deposition; or

   d. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

Both parties shall exchange copies of their exhibits thirty days prior to the evidentiary hearing. Any objections to exhibits may be raised at the hearing. Petitioner will use numbers to mark exhibits; Respondent will use letters.

3. No other exhibits will be permitted to be introduced unless:

      a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

      b. The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2 " below.

4. Within the fifteen-day period prior to the evidentiary hearing, the parties shall promptly inform the Court and opposing party of the existence of such exhibits so that the Court may consider their admissibility at the evidentiary hearing. The exhibits will not be received unless the proffering party demonstrates:

      a. The exhibits could not reasonably have been discovered earlier;

      b. The Court and the opposing party were promptly informed of their existence;

      or

      c. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to each bring an "exhibit book" containing copies of their exhibits to the evidentiary hearing.  The parties shall provide a copy of the "exhibit book" to the Court for bench use during the hearing.

The Court shall issue the appropriate writ ad testificandum orders if the presence of Petitioner or any other incarcerated witness is desired.  The parties shall inform the Court on or before Monday, December 29, 2008 whether any such writs are required.  The parties shall otherwise make their own arrangements for the attendance of non-incarcerated witnesses.

On or before Monday, December 29, 2008, the parties shall inform the Court of any

/////

/////

/////

problems the parties believe the Court should address regarding the availability of witnesses or the need, if any, for depositions.

/////

DATED: November 13, 2008

                                                  /s/ Arthur L. Alarcón
                                                  UNITED STATES CIRCUIT JUDGE
                                                  Sitting by Designation