IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMSTER HAMPTON,

    Petitioner,                              Case No. 2:07-cv-00550 ALA (HC)

    vs.

M.S. EVANS, Warden,                   <u>TENATIVE ORDER</u>

    Respondent.
_____/

       On October 16, 2008, this Court granted Petitioner's request for a limited evidentiary hearing regarding his claim of ineffective assistance of counsel during the plea bargaining stage of the proceedings against him in the Superior Court of California, County of San Joaquin. (Doc. 52). Respondents have served on counsel for Petitioner copies of Respondent's Exhibits A-Y which Respondent intends to rely on at the evidentiary hearing. (Doc. 62). On January 12, 2009, Petitioner filed an exhibit list which lists 54 exhibits Petitioner intends to rely on at the evidentiary hearing. (Doc. 65). On February 4, 2009, Petitioner filed an amended exhibit list which lists a total of 61 exhibits. (Doc. 67).

       On February 3, 2009, the Court directed the parties to file any objections to the opposing party's proposed exhibits on or before February 6, 2009. (Doc. 66). The parties filed their objections as directed by the Court. (Docs. 68, 69).

1

Petitioner's only objection to Respondent's Exhibits is that Exhibit A, D, E, and S consist of more than one document. (Doc. 68). Petitioner's concern is that the record may be difficult to follow if it is unclear which document, within an exhibit, a witness is referring to during testimony.

Respondent objects to Petitioner's Exhibits 46, 53, 55, 56, 57, 58, 59, 60, and 61.

Below are the Court's tentative rulings as to each of the objected-to exhibits. The Court will permit counsel to present their opposition to any of the tentative rulings before the commencement of the evidentiary hearing.

**1.   Respondent's Exhibits A, D, E, and S**

Petitioner's objection is sustained and the documents within these exhibits shall be separated and marked as A-1, A-2, etc.

**2.   Petitioner's Exhibit 46: November 14, 2003 Sentencing Brief, R460-62**

The Court will defer ruling on Petitioner's Exhibit 46 until counsel for Petitioner has an opportunity to respond to Respondent's objection.

**3.   Petitioner's Exhibit 53: April 16, 2008 Declaration of Carolyn Williams**

Respondent's objection is sustained and the exhibit is excluded. Carolyn Williams is listed on Petitioner's Witness List. (Doc. 64). With the exception of ¶¶ 1 and 2, the statements in Ms. William's Declaration are hearsay, or include improper lay witness opinion. Such statements are inadmissible to prove the truth of the matter asserted, however, to the extent Plaintiff seeks to use the declaration to refresh Ms. Williams's recollection, the statements in the declaration can be used for that purpose.

**4.   Petitioner's Exhibit 55: December 31, 2002 Pretrial Services Non-Interview Record**

Respondent's objection is overruled. Counsel for Petitioner was appointed on November 14, 2008 and thus had only a short period of time to familiarize himself with the issues in this matter and prepare his case for the evidentiary hearing. The Court will not sustain the objection

1  upon the sole ground that the proffer of the exhibit was untimely.

2      **5.**    **Petitioner's Exhibit 56: October 29, 2003 Motion for Substitution of Counsel**
3  **(Marsden Motion), R436-40**

4      Respondent's objection is overruled.  Counsel for Petitioner was appointed on November
5  14, 2008 and thus had only a short period of time to familiarize himself with the issues in this
6  matter and prepare his case for the evidentiary hearing.  The Court will not sustain the objection
7  upon the sole ground that the proffer of the exhibit was untimely.

8      **6.**    **Petitioner's Exhibit 57: February 10, 2003 Pretrial Conference Statement**

9      Respondent's objection is overruled.  Counsel for Petitioner was appointed on November
10  14, 2008 and thus had only a short period of time to familiarize himself with the issues in this
11  matter and prepare his case for the evidentiary hearing.  The Court will not sustain the objection
12  upon the sole ground that the proffer of the exhibit was untimely.

13      **7.**    **Petitioner's Exhibit 58: December 31, 2002 Pretrial Services Non-Interview**
14  **Record (second copy produced by District Attorney's Office)**

15      Respondent's objection is overruled.  Counsel for Petitioner was appointed on November
16  14, 2008 and thus had only a short period of time to familiarize himself with the issues in this
17  matter and prepare his case for the evidentiary hearing.  The Court will not sustain the objection
18  upon the sole ground that the proffer of the exhibit was untimely.

19      **8.**    **Petitioner's Exhibit 59: December 31, 2002 "Rap" Sheet labeled "DA Copy"**

20      Respondent's objection is overruled.  Counsel for Petitioner was appointed on November
21  14, 2008 and thus had only a short period of time to familiarize himself with the issues in this
22  matter and prepare his case for the evidentiary hearing.  The Court will not sustain the objection
23  upon the sole ground that the proffer of the exhibit was untimely.

24      **9.**    **Petitioner's Exhibit 60: January 15, 2009 Subpoena Duces Tecum Issued to**
25  **the District Attorney's Office (with Proof of Service)**

26      Counsel for Petitioner was appointed on November 14, 2008 and thus had only a short

period of time to familiarize himself with the issues in this matter and prepare his case for the evidentiary hearing. The Court will not sustain the objection on the ground that the proffer of the exhibit was untimely. However, the Court will defer ruling on Petitioner's Exhibit 60 until counsel for Petitioner has an opportunity to respond to Respondent's objection as to its relevance.

**10.    Petitioner's Exhibit 61: January 15, 2009 Subpoena Duces Tecum Issued to the District Attorney's Office (with Proof of Service)**

Counsel for Petitioner was appointed on November 14, 2008 and thus had only a short period of time to familiarize himself with the issues in this matter and prepare his case for the evidentiary hearing. The Court will not sustain the objection on the ground that the proffer of the exhibit was untimely. However, the Court will defer ruling on Petitioner's Exhibit 61 until counsel for Petitioner has an opportunity to respond to Respondent's objection as to its relevance.

/////

DATED: February 9, 2009

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation