IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMSTER HAMPTON,

    Petitioner,                Case No. 2:07-cv-00550 ALA (HC)

    vs.

MICHAEL S. EVANS, Warden,       ORDER

    Respondent.

_____/

    Petitioner Armster Hampton has filed a Notice of Appeal and Request for a Certificate of Appealability. (Doc. 82). "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); 28 U.S.C. § 2253. Therefore, before Petitioner can appeal this Court's judgement, a certificate of appealability must issue to provide the Ninth Circuit jurisdiction to consider this appeal. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

    A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under the controlling standard, a petitioner must sho [w] that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. " *Miller-El*, 537 U.S. at

336 (internal quotations omitted).

In his request for a certificate of appealability, Petitioner has not indicated which claims he would like to raise on appeal. As we must issue a certificate of appealability on an issue-by-issue basis, *Morris v. Woodford*, 229 F.3d 775, 779 (9th Cir. 2000), we treat Petitioner's request as requesting a certificate of appealability on all the claims presented. *Morales v. Woodford*, 336 F.3d 1136, 1144 (9th Cir. 2003).

This Court has determined that relief as to Petitioner's claims should be denied on the merits because he failed to demonstrate that the state court's decisions as to the merits of his claims of federal constitutional violations were contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. Petitioner made a substantial showing of a denial of a constitutional right pursuant to § 2253(c)(2) as to only two of the claims he has presented. Because reasonable jurists could debate whether those two claims could have been resolved in a different manner, a certificate of appealability will be issued solely as to those two claims. **IT IS HEREBY ORDERED** that a certificate of appealability shall issue as to the following of Petitioner's claims:

1. Petitioner's claim that he was denied effective assistance of trial counsel because his attorney failed to inform him of his maximum sentence exposure and failed to advise him to accept an initial plea offer of eight years made by the prosecutor; and,

2. Petitioner's claim that the trial court's imposition of an upper term sentence violated his Sixth Amendment right to a jury trial under the rule announced in *Cunningham v. California*, 549 U.S. 270 (2007).

/////

DATED: May 15, 2009

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation