IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMSTER HAMPTON,

    Petitioner,                    Case No. 2:07-cv-00550 ALA (HC)

    vs.

MICHAEL S. EVANS, Warden,      <u>ORDER</u>

    Respondent.

_____/

    Petitioner Armster Hampton has filed a motion dated November 5, 2012, in which he requests leave to amend his "Notice of Motion and Motion for Relief From Judgment pursuant to Federal Rules of Civil Procedure, Rule 60 to correct defects in the original pleading." Petitioner's request to file the amended motion is GRANTED.

    Petitioner alleges that this court erred as a matter of law in holding that he was not entitled to an evidentiary hearing to attack collaterally the validity of his prior convictions for sentencing enhancement purposes because he was represented by counsel in the prior proceedings. This court's order rejecting the claim was filed on March 25, 2009. In so ruling, this court relied on the Supreme Court's decision in *Custis v. United States*, 511 U.S. 485, 493 (1994).

    Petitioner asserts that he is entitled to an evidentiary hearing on this claim pursuant to

Rule 60(b)(6) of the Federal Rules of Civil Procedure. The California Supreme Court adopted the rule announced in *Custis* to challenge the validity of a prior conviction in a California state court's sentencing proceedings in *Garcia v. Superior Court*, 14 Cal. 4th 953 (1997). The California Supreme Court held that "a criminal defendant may not challenge prior conviction on the ground of ineffective assistance of counsel in the course of a current prosecution for a noncapital case." *Id.* at 954.

Notwithstanding the rule announced in the *Gomez* case which clearly adopted the reasoning of the United States Supreme Court in *Custis*, Petitioner contends that *Custis* "merely set forth rule of federal criminal procedure that had no effect outside federal court system." Petitioner relies on the California Supreme Court's decision in *People v. Sunshine*, 36 Cal. 3d 909 (1984) for this proposition. In so doing, he ignores the California Supreme Court's statement in *Garcia* that "neither the federal nor the state Constitution, nor *People v. Sunshine*, supra, 36 Cal. 3d 909, entitles petitioner to . . . challenge a prior conviction on ineffectiveness-of-counsel grounds." *Id.* at 964.

Petitioner has failed to demonstrate that his trial counsel's failure to challenge the validity of his 1988 prior conviction for assault with a deadly weapon as an unreasonable application of federal law as determined by the Supreme Court of the United States as required by 28 U.S.C. § 2254(d) in order for a federal court to grant a state prisoner's application for a writ of habeas corpus. Accordingly, Petitioner's Rule 60(b)(6) motion is DENIED.

/////

DATED: December 3, 2012

                                                         /s/ Arthur L. Alarcón
<u>UNITED STATES CIRCUIT JUDGE</u>
Sitting by Designation